*E-FILED - 8/25/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BLAINE THIGPEN,               ) | No. C 07-4028 RMW (PR) |
|                                    ) | |
|     Petitioner,       ) | ORDER DENYING PETITION FOR |
|                                    ) | WRIT OF HABEAS CORPUS |
|   vs.                            ) | |
|                                    ) | |
| DERRAL G. ADAMS,                   ) | |
|                                    ) | |
|     Respondent.       ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted. Respondent has filed an answer addressing the merits of the petition, and petitioner has filed a traverse. Having reviewed the briefs and the underlying record, the court concludes that petitioner is not entitled to relief based on the claim presented and DENIES the petition.

**I. BACKGROUND**

Petitioner entered into a "slow plea,"[1] pursuant to Bunnell v. Superior Court, 13 Cal. 3d

---

[1] A "slow plea" is "an agreed upon disposition of a criminal case . . . which does not require the defendant to admit guilt, but results in a finding of guilt upon an anticipated charge, usually for a promised punishment." See People v. Wright, 43 Cal. 3d 487, 496 (1987) (internal quotation omitted). A slow plea amounts to the functional equivalent of a guilty plea. See id.

1  592 (1973) (allowing defendant to waive jury trial and submit the case to trial court based on the
2  preliminary hearing transcript) in San Mateo County Superior Court to one count of receiving a
3  stolen vehicle (Cal. Penal Code § 496d(a)), two counts of receiving stolen property (Cal. Penal
4  Code § 496(a)), and one count of possession of a vehicle from which the serial number had been
5  removed (Cal. Penal Code § 10751(a)).

6      On December 6, 2005, the trial court found petitioner guilty on all four counts, and on
7  January 19, 2006, the court sentenced petitioner to the maximum term of eight years and four
8  months in state prison.  The California Court of Appeal affirmed the conviction, and the
9  California Supreme Court denied review.

10     On August 6, 2007, petitioner filed the instant petition in this court challenging the
11 constitutionality of his slow plea.[2]

## DISCUSSION

### A. Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).  The first prong applies both to questions of law and to mixed questions of law and fact, Williams v. Taylor, 529 U.S.

---

[2] A detailed factual summary of the underlying offenses is unnecessary because petitioner's sole claim relates to the validity of his slow plea and not to the evidence of the offenses themselves. The relevant facts and circumstances surrounding petitioner's plea are summarized in the discussion of petitioner's claim.

1  362, 384-86 (2000), while the second prong applies to decisions based on factual determinations,
2  Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

3        "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state
4  court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of
5  law or if the state court decides a case differently than [the] Court has on a set of materially
6  indistinguishable facts." Williams, 529 U.S. at 412-13. A state court decision is an
7  "unreasonable application of" Supreme Court authority, falling under the second clause of
8  § 2254(d)(1), if the state court correctly identifies the governing legal principle from the
9  Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's
10 case." Id. at 413. The federal court on habeas review may not issue the writ "simply because
11 that court concludes in its independent judgment that the relevant state-court decision applied
12 clearly established federal law erroneously or incorrectly." Id. at 411.

13       Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination
14 will not be overturned on factual grounds unless objectively unreasonable in light of the
15 evidence presented in the state-court proceeding." Miller-El, 537 U.S. at 340. The court must
16 presume correct any determination of a factual issue made by a state court unless the petitioner
17 rebuts the presumption of correctness by clear and convincing evidence. See 28 U.S.C. §
18 2254(e)(1).

19 **B.    Petitioner's Claim**

20       As grounds for federal habeas relief, petitioner asserts that his right to due process was
21 violated when the trial court failed to inform him prior to his entering the slow plea that his
22 sentence would include a mandatory parole term. (Pet. at 6.) At the change of plea hearing,
23 defense counsel stated that petitioner was not going to be presenting any defense evidence nor
24 contesting guilt. (RT 182.) Counsel continued, stating the maximum sentence was eight years
25 four months, with no promises of leniency. (Id.) Petitioner affirmed that he agreed with
26 counsel's statements to the court. (Id.) Thereafter, the court secured petitioner's understanding
27 that he was waiving several constitutional rights and determined that petitioner's plea was
28 knowing and voluntary. (RT 182-86.)

1    Due process requires that a guilty plea be both knowing and voluntary because it
2 constitutes the waiver of three constitutional rights: the right to a jury trial, the right to confront
3 one's accusers, and the privilege against self-incrimination. Boykin v. Alabama, 395 U.S. 238,
4 242-43 (1969). A guilty plea not made voluntarily and knowingly violates due process. Id. A
5 plea is not knowing and voluntary unless it is "entered by one fully aware of the direct
6 consequences" of the plea. Brady v. United States, 397 U.S. 742, 754-55 (1970).

7    In California state court, a guilty plea is not voluntary and intelligent if the defendant is
8 not aware of a parole term that is to be served in addition to the term of confinement because that
9 is a "direct" consequence of the plea under Brady. Carter v. McCarthy, 806 F.2d 1373, 1376
10 (9th Cir. 1986) (citing Brady). The imposition of a mandatory period of parole in California is a
11 direct consequence of a guilty plea which requires that the judge handling the criminal
12 proceedings advise the defendant of the maximum period his liberty may be restrained both by
13 way of imprisonment and parole. Id. If it is established that a defendant did not know of the
14 parole consequences of his guilty plea, then petitioner's plea was obtained in violation of his
15 constitutional right to due process. Id.

16    Here, the trial court failed to inform petitioner that a direct consequence of his slow plea
17 would be the imposition of a mandatory parole term. (RT 182-86.) Nothing in the record
18 indicates that petitioner knew that he would be subject to a mandatory parole term. Because
19 petitioner was not fully aware of this direct consequence prior to pleading guilty, his plea is
20 involuntary. See Boykin, 395 U.S. at 242; see also Brady, 397 U.S. at 755. The court finds that
21 the trial court committed constitutional error in violation of petitioner's due process rights. See
22 Carter, 806 F.2d 1376.

23    This does not end the analysis of petitioner's claim, however. When a trial court errs by
24 failing to inform the defendant of the correct parole consequences of his guilty plea, the error is
25 subject to a harmless error analysis. Id. at 1377. To obtain habeas relief based on such error,
26 petitioner must show that he would not have pled guilty had he known of the mandatory parole
27 term. Id. at 1377; cf. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985) (to challenge guilty plea based
28 on ineffective assistance of counsel, petitioner must show "reasonable probability that, but for

counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial").

In the petition, petitioner claims, "Trial court did not advise petitioner, during a slow plea, that a mandatory parole term was included. Petitioner asked the trial court about the direct consequences of the plea; this infers he would not have pled as he did if he'd been aware of mandatory parole consequences." (Pet. at 6.) During the plea colloquy, petitioner specifically asked the court whether his current offenses would count as a strike, to which the court responded that they would not. (RT 185.) Petitioner then stated, "Okay. *That's all I wanted to know*. Thank you." (Id.) (Emphasis added.) Immediately thereafter, petitioner affirmed that he intended to waive his right to a jury trial and submit the matter to the court for consideration. (Id.)

The California Court of Appeal rejected petitioner's claim, finding that "[i]t does not follow from [petitioner]'s concern that he not incur more strikes that he was similarly concerned about a mandatory parole term . . . [O]n this record, we find no basis to infer that had petitioner been advised of the applicable . . . period of parole he would not have made the submission." (Resp. Memo. Ex. 6 at 3-4.) The state appellate court concluded that petitioner's plea remained valid because the omission was harmless. (Id.) This court agrees with the appellate court's finding that petitioner's concern about facing one type of direct consequence - namely, a strike that could affect the duration of his incarceration - does not support an inference that petitioner would not have pleaded guilty if he had been advised of the three-to-four year mandatory parole term, a very different type of direct consequence.

After reviewing the record, this court concludes that petitioner has not shown that the error was anything more than a "technical" error. See Wayne v. Raines, 690 F.2d 685, 687 (9th Cir. 1982) ("A mere showing that the state trial judge did not expressly comply with the formal requirement that a defendant be informed of any special conditions regarding parole is insufficient to support a claim for collateral relief."). Petitioner provides no evidence that he based his decision to enter the plea on the assumption that he would not be subject to a mandatory parole term. Further, petitioner does not actually assert that prior to the plea, he was

Order Denying Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.Rmw\HC.07\Thigpen028denHC.wpd         5

1  unaware of a mandatory parole term.  See Wacht v. Cardwell, 604 F.2d 1245, 1247 (9th Cir.
2  1979). And, more importantly, petitioner does not claim that had he known about the mandatory
3  parole term, he would not have entered into the plea.  See id.
4     Consequently, petitioner has not established prejudice from the trial court's error in
5  failing to advise him of his mandatory parole term, and the state courts' denial of this claim was
6  neither contrary to nor an unreasonable application of federal law.  28 U.S.C. § 2254(d)(1), (2).

## CONCLUSION

8     For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.  The Clerk
9  shall terminate all pending motions, enter judgment for respondent, and close the file.
10    IT IS SO ORDERED.
11 Dated:   8/24/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge